UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCUS HANSERD,                                    Case No. 15-13201

        Plaintiff,                              Matthew F. Leitman
v.                                                 United States District Judge

N. SOUDER,                                         Stephanie Dawkins Davis
                                                   United States Magistrate Judge
        Defendant.
_____/

**REPORT AND RECOMMENDATION
DEFENDANT NATALIE SOUDER'S MOTION
FOR SUMMARY JUDGMENT (Dkt. 20)**

**I.  PROCEDURAL HISTORY**

On September 9, 2015, plaintiff Marcus Hanserd filed the instant action alleging a violation of his First Amendment rights against defendant Natalie Souder (Ms. Souder, or Souder).[1] (Dkt. 1). Plaintiff is a *pro se* prisoner who is currently confined in the Michigan Department of Corrections (MDOC), at the Chippewa Correctional Facility (URF) in Kincheloe, Michigan. The actions that gave rise to the events in plaintiff's complaint, however, took place while plaintiff was incarcerated at the St. Louis Correctional Facility (SLF), in St. Louis,

---

[1] On October 10, 2015, plaintiff attempted to amend his complaint; however, plaintiff's motion did not comply with Local Rule 15.1 and Magistrate Judge Michael Hluchaniuk struck the proposed complaint as non-compliant. (Dkts. 5, 8). Following the court's order, plaintiff did not attempt to amend his complaint to comply with the Local Rules.

1

Michigan. On October 13, 2015, District Judge Matthew F. Leitman referred this case to Magistrate Judge Michael Hluchaniuk for all pretrial purposes. (Dkt. 6). The case was referred to Magistrate Judge Stephanie Dawkins Davis for all pretrial purposes on June 2, 2016. (Dkt. 19). Defendant Souder filed a motion for summary judgment on July 29, 2016 (Dkt. 20), and plaintiff responded on September 30, 2016 (Dkt. 23).

This matter is now is ready for Report and Recommendation. For the reasons set forth below, the undersigned **RECOMMENDS** that defendant's motion for summary judgment be **GRANTED** because plaintiff failed to exhaust his retaliation claim and his complaint should be **DISMISSED** without prejudice.

## II. FACTUAL BACKGROUND

Defendant Natalie Souder is a registered nurse employed by MDOC at SLF. Plaintiff alleges that on May 28, 2015, Souder examined him pursuant to his request to be properly fitted for a pair of Deep Toe Box (DTB) shoes. According to plaintiff, Souder examined him and then informed him that there was nothing wrong with his feet and that he did not require medical shoes. On the other hand, Souder indicates that on May 28, 2015, she examined plaintiff whose main complaint was foot discomfort. At that time, she was aware that in 2012 the Regional Medical Officer (RMO) had approved plaintiff for DBT shoes. (Dkt. 20, Ex. A, Souder Aff. at ¶ 5). Based on her May 28, 2015 assessment, Souder

testified that she referred plaintiff to the medical provider for further evaluation, including an updated RMO approval for his DBT shoes. (*Id*. ¶ 6; *see also* Dkt. 20-2, MDOC Nurse Protocol, dated 5/28/15, Pg ID 111). On June 3, 2015, plaintiff was seen by the Medical Provider who concluded that plaintiff could either wear his current pair of DBT shoes, or purchase other shoes from the prisoner catalogue. (*Id*. ¶ 7; *see also* Dkt. 20-2, MDOC Bureau of Health Care Services Notes, dated 6/3/15, Pg ID 112).

Plaintiff also alleges that on June 16, 2015, Souder issued him a false misconduct violation for sexual misconduct in retaliation for the administrative grievance that plaintiff had filed regarding his May 28, 2015 medical exam. Souder acknowledges that on June 16, 2015, she issued plaintiff a Class I violation for sexual misconduct. (Dkt. 20, Ex. A, Souder Aff. ¶ 11; *see also* Dkt 20-2, Misconduct Report, Pg ID 114). According to the misconduct report, on that day, a segregation unit staff member announced nurse rounds and "female in unit" over the PA system. When Souder approached plaintiff's cell, he was standing at his toilet masturbating and looking directly at her. Plaintiff made no attempt to cover himself or stop "stroking his penis." Following a Class I Misconduct Hearing, plaintiff was found guilty of the misconduct charge. (Dkt. 20-2, Pg ID 115).

Plaintiff sues Souder in her individual and official capacities, and seeks undisclosed compensatory and punitive damages.

## III. DISCUSSION

The court notes at the outset that while Souder briefed that there was also no Eighth Amendment violation under the facts outlined by the complaint, in response, plaintiff made clear that he was not pursuing an Eighth Amendment claim. As such, the undersigned will not engage in an Eighth Amendment review and, to the extent plaintiff ever had a claim under the Eighth Amendment, he has voluntarily abandoned it.

### A. Legal Standards

Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Section 1997e(a)'s "exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v. Nussle*, 534 U.S. 516, 520 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532. In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court held that "failure to exhaust is an affirmative defense under the PLRA," and "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones,*

549 U.S. at 216. "Compliance with prison grievance procedures . . . is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218. "Congress has provided in § 1997e(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[P]roper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 84 (2006); *Brown v. Toombs*, 139 F.3d 1102 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998) (No federal action shall be brought until such administrative remedies as are available are exhausted). In other words, a prisoner may not exhaust administrative remedies during the pendency of the federal lawsuit. *Larkins v. Wilkinson*, 1998 WL 898870, at *2 (6th Cir. Dec. 7, 1998).

In *Jones v. Bock*, the Supreme Court also held that the burden rests on the defendant to show that a plaintiff failed to exhaust when asserting exhaustion as an affirmative defense. *Id.* Accordingly, exhaustion is satisfied if plaintiff complied with the applicable grievance procedures and defendants bear the burden of showing otherwise. *See Kramer v. Wilkinson*, 226 Fed. Appx. 461, 462 (6th Cir. 2007) (a prisoner-plaintiff "does not bear the burden of specially pleading and proving exhaustion; rather, this affirmative defense may serve as a basis for dismissal only if raised and proven by the defendants.").

Here, defendant has moved for summary judgment on the issue of

whether plaintiff failed to exhaust his administrative remedies under the PLRA. However, as previously observed by a court in this district, summary judgment seems an inappropriate vehicle for adjudication because there is no determination on the merits of the case, and no "judgment" is entered. *See Neal v. Raddatz*, 2012 WL488827, at *2 (E.D. Mich. Jan. 12, 2012). Instead, a number of courts have characterized a request to dismiss for failure to exhaust administrative remedies as "subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment." *Id.* (quoting *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003); *see also Johnson v. Gregoire*, 2008 WL 5156428, *3 (W.D. Wash. 2008), citing *Ritza v. International Longshoremen's and Warehousemen's Union*, 837 F.2d 365, 369 (9th Cir. 1988) ("finding that while no defense described in 12(b)(1) through (7) encompasses failure to exhaust, federal courts traditionally have entertained certain pre-answer motions not expressly provided for by rule, and authority to hear such motions lies in federal court's inherent power to regulate actions pending before it"); *Thrasher v. Garland L*, 2007 WL 3012615, *1-2 (W.D. Wash. 2007) ("The proper motion to bring when asserting failure to exhaust administrative remedies . . . is an unenumerated 12(b) motion. . . ."). Based on the above, the *Raddatz* court determined that regardless of whether the motion is treated as one for summary judgment or as an unenumerated 12(b) motion, the result is the same. (*Id.* at 3). If the court grants the motion, the dismissal will be

without prejudice and it will not count as a strike under 28 U.S.C. § 1915(g). (*Id.*)
The court concluded, however, that the latter approach, adjudicating the motion as an unenumerated motion under 12(b) was more consistent with the "true nature of the motion."[2] (*Id.*)

B. Analysis and Conclusions

Defendant Souder claims that, among other things, plaintiff failed to claim retaliation at his misconduct hearing and, therefore, he has failed to exhaust his administrative remedies. According to Souder, a prisoner claiming that the issuance of a major misconduct ticket constitutes retaliation, must raise that issue during the first misconduct hearing. *See Siggers v. Campbell*, 652 F.3d 681, 693-694 (6th Cir. 2011).[3] Otherwise, the prisoner is precluded from raising the claim

---

[2] The court also noted that there was no reason that the motion could not simply be designated as a "motion to dismiss pursuant to 28 U.S.C. § 1997e(a)." The undersigned recognizes that there appears to be divergence in this court regarding this method of review as Judge Lawson has recently concluded that such a practice is not appropriate and legally unsupported. *See Anderson v. Jutzy*, 175 F. Supp. 3d 781, 788 (E.D. Mich. 2016). Regardless of the method utilized, however, the undersigned submits that the result would be the same.

[3] Other, unpublished decisions appear to be contrary. *See e.g.*, *Ragland v. City of St. Louis*, 2012 WL 511827, *4 (E.D. Mich. 2012) ("[W]hile it is true that Plaintiff cannot grieve the decision of an administrative hearing officer, his Complaint allegation is that the underlying misconduct charge—not the hearing officer's decision—was retaliatory. Plaintiff could have and was, therefore, required to grieve the alleged retaliatory misconduct charge.") (footnote omitted), citing *Boyd v. Ray*, 19 Fed. Appx. 209, 2001 WL 1042261 (6th Cir. 2001) (where the plaintiff's claim did not involve the administrative hearing officer's decision but rather an allegation that the underlying misconduct charge was false, he was required to exhaust his administrative remedies). Notably, however, the Sixth Circuit somewhat recently affirmed a decision where this Court determined that a prisoner failed to exhaust a retaliation claim by failing to raise the issue during the misconduct ticket hearing process. *Carr v. Booker*, 2014 WL 409026 (E.D. Mich. Feb. 3, 2014), affirmed *Carr v. Booker*, Case No. 14-1258 (6th Cir. Dec. 4, 2014).

7

as a basis to request a rehearing. *Id.*

Here, plaintiff was issued a misconduct ticket on June 16, 2015. (Dkt. 20-2, Pg ID 114). According to the misconduct report, Souder described plaintiff's actions as follows:

> While making nurse rounds in segregation this AM, prisoner Hanserd was standing at his toilet with his shorts pulled down masturbating. He was stroking his penis up and down forcefully. No attempt was made to cover himself or to stop stroking his penis. 'Nurse rounds' were announced by the bubble officer and 'female in the unit' was also announced. He was stroking his penis looking directly at me. He made no attempt to stop. Prisoner did this act intentionally to humiliate me.

(*Id.*) On July 6, 2015, a misconduct hearing was held where plaintiff was found guilty of the misconduct charges. (Dkt. 20-2, Pg ID 115). Plaintiff was present at the hearing, evidence (including video evidence) was reviewed, and plaintiff was given an opportunity to respond. (*Id.*) The Hearing Report notes that plaintiff asked the Hearing Officer to "give him as little sanction time as possible," and had no further comments. (Dkt. 20-2, Pg ID 115). In determining that plaintiff was guilty of the misconduct charge, the Hearing Officer noted that the misconduct report was "clear, detailed and unequivocal." (*Id.*) As a result of the findings, plaintiff was sanctioned to a 30-day loss of privileges. (*Id.*) Souder contends that the administrative record of the hearing provides no proof that plaintiff raised

retaliation as an issue, nor did he seek a rehearing. Thus, Souder argues that plaintiff failed to exhaust his administrative remedies, and that plaintiff's claims should be dismissed.

In response, defendant argues that he exhausted his claims arising out of the misconduct ticket by filing Step I, II, and III grievances that included a claim of retaliation regarding Souder.[4] (Dkt. 23, Pg ID 131; *see also* Dkt. 1, Exs. 2, 5, 6, 7). By filing these grievances, defendant argues that *Siggers* does not apply to him. However, this was exactly the argument that plaintiff made in *Siggers* and was rejected by the Sixth Circuit. Under *Siggers v. Campbell*, a plaintiff-prisoner is required to raise the issue of *retaliation at the hearing* on the misconduct ticket. There is nothing in this record suggesting that the issue of retaliation was raised at the hearing and plaintiff does not claim that he did so. Further, plaintiff does not suggest that he was unaware of the alleged retaliatory nature of the ticket at the time of the hearing. Indeed, plaintiff filed his Step I grievance two days after he was issued the misconduct ticket on June 16, 2015. Thus, it is apparent that plaintiff believed that the misconduct charge was retaliatory before the hearing. Yet, he failed to raise the issue at the hearing, rendering his excuse for not complying with this step in the exhaustion process to be without a factual basis or

---

[4] Plaintiff filed his Step I grievance on June 18, 2015. His Step II grievance appeal was denied on July 24, 2015, and his Step III grievance appeal was denied on August 5, 2015.

9

merit. Therefore, under *Siggers v. Campbell*, *supra*, the undersigned concludes that plaintiff's claim for retaliation was not properly exhausted.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendant's motion for summary judgment be **GRANTED** because plaintiff failed to exhaust his retaliation claim and his complaint should be **DISMISSED** without prejudice. Given the foregoing conclusion, the remaining arguments for summary judgment raised by defendant need not be addressed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2,"

etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: February 15, 2017                s/Stephanie Dawkins Davis
                                       Stephanie Dawkins Davis
                                       United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on February 15, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and I certify that I have mailed the foregoing paper by United States Postal Service to the following non-ECF participant: Marcus Hanserd #440115, Earnest C. Brooks Correctional Facility, 2500 S. Sheridan Drive, Muskegon Heights, MI 49444.

                                       s/Tammy Hallwood
                                       Case Manager
                                       (810) 341-7887
                                       tammy_hallwood@mied.uscourts.gov